*In re* VELLENGA ESTATE

VELLENGA v THISTLETHWAITE

Docket No. 57128. Submitted June 1, 1982, at Grand Rapids.—Decided September 14, 1982.

Donald J. Vellenga died intestate, survived by his parents. A petition to determine his heirs was brought in St. Joseph Probate Court. Testimony was presented alleging that Vellenga was the father of Nicole E. Earl, who was born shortly after Vellenga's death, that Vellenga had made payments for Nicole's mother's medical care during her pregnancy, and that he had discussed plans to marry Nicole's mother. The court, John E. Morley, J., held that Nicole E. Earl was the sole heir of Vellenga. Vellenga's parents, James Vellenga and Eunice Carr, appeal. *Held:*

The statute regarding children born out of wedlock expressly provides those conditions under which a man may be considered the natural father of such a child for purposes of intestate succession. Any other circumstances are impliedly excluded. In this case, none of the express criteria were met. A child born out of wedlock and after the death of his or her purported father may not be determined to be the heir of the purported father for purposes of intestate succession.

Reversed.

1. STATUTES — JUDICIAL CONSTRUCTION.

A statute must be construed as a whole; furthermore, the express mention in a statute of one thing implies the exclusion of other similar things.

2. PARENT AND CHILD — CHILDREN BORN OUT OF WEDLOCK — INTESTATE SUCCESSION.

The express statutory requirements for considering a man to be

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 145 *et seq.*
[2] 10 Am Jur 2d, Bastards § 146 *et seq.*
   23 Am Jur 2d, Descent and Distribution § 16.
   Discrimination on basis of illegitimacy as denial of constitutional rights. 38 ALR3d 613.

the natural father of a child born out of wedlock implicitly exclude all other circumstances under which he might be so considered; under the statutory scheme a child born out of wedlock and after the death of his or her purported natural father cannot be determined to be the heir of the purported father for purposes of intestate succession (MCL 700.112, subds [4], [5]; MSA 27.5111, subds [4], [5]).

*Grubbs & Grubbs* (by *Ronald J. Grubbs),* for appellants.

*William Thistlethwaite,* for appellee Nicole E. Earl.

*Robert J. Dutka,* for Ronald L. Vellenga, personal representative of the estate of Donald J. Vellenga, deceased.

Before: R. B. BURNS, P.J., and MACKENZIE, and L. C. ROOT,* JJ.

PER CURIAM. This is an appeal by right from a probate court order determining the heirs of Donald James Vellenga for purposes of intestate succession. Donald James Vellenga died on December 23, 1980, and was survived by appellants James Vellenga and Eunice Carr, his parents. Nicole Elizabeth Earl was born on December 29, 1980, and is the daughter of Cathi Earl. Various relatives and friends of the deceased testified that the deceased had told them before his death that Cathi Earl's then-unborn child was his. Several of the witnesses testified that the deceased had discussed plans to marry Cathi Earl. Evidence was produced that the deceased had made payments for Cathi Earl's medical care during her pregnancy. The probate judge held that Nicole Elizabeth Earl was the sole heir of Donald James Vellenga.

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 700.109(2); MSA 27.5109(2) provides:

"Heirs of the decedent conceived before his death but born thereafter shall inherit as if they had been born in the lifetime of the decedent."

MCL 700.111(1); MSA 27.5111(1) provides:

"For all purposes of intestate succession, a child is the heir of each of his or her natural parents notwithstanding the relationship between the parents except as otherwise provided by section 110."

MCL 700.111(4); MSA 27.5111(4) provides:

"(4) If a child is born out of wedlock or if a child is born or conceived during a marriage but not the issue of that marriage, a man is considered to be the natural father of that child for all purposes of intestate succession if any of the following occurs:

"(a) The man joins with the mother of the child and acknowledges that child as his child in a writing executed and acknowledged by them in the same manner provided by law for the execution and acknowledgment of deeds of real estate and recorded at any time during the child's lifetime in the office of the judge of probate in the county in which the man or mother of the child reside at the time of execution and acknowledgment. It shall not be necessary for the mother of the child to join in the acknowledgment if she is disqualified to act by reason of mental incapacity, death, or any other reason satisfactory to the probate judge of the county in which the acknowledgment may be recorded.

"(b) The man joins with the mother in a written request for a correction of certificate of birth pertaining to the child which results in issuance of a substituted certificate recording the birth of the child.

"(c) The man and the child have borne a mutually acknowledged relationship of parent and child which began before the child became age 18 and continued until terminated by the death of either."

The parties agree that neither subsection (4)(a) nor subsection (4)(b) was complied with here. Those subsections by their terms can only be complied with during the lifetime of the child. However, appellee argues, and the probate judge held, that the deceased's actions here were sufficient to satisfy subsection (4)(c). It appears to us, however, that the probate judge's interpretation of the statute eliminates the requirement of a *"mutually* acknowledged relationship". Both the ordinary and legal usages of the word "mutual" require action by both sides. See *Webster's Third New International Dictionary* (1961), p 1493, and Black's Law Dictionary (4th ed, 1951), p 1172.

Appellee seeks to explain away the requirement of mutuality by pointing out that the section governs inheritance by the father from the child as well as by the child from the father. According to appellee, acknowledgment of the father by the child is important only when the father seeks to inherit from the child. However, this argument is refuted by MCL 700.111(5); MSA 27.5111(5), which provides:

"Property of a child born out of wedlock or a child born or conceived during a marriage but not the issue of that marriage passes in accordance with the law of intestate succession except that *the father and his kindred shall not be considered as relatives of the child unless the child might have inherited from the father as provided in this section.*" (Emphasis added.)

Subsection (5) indicates a legislative intent that mutual acknowledgment be required in both cases.

Appellee suggests that, since subsection (1) makes the child the heir of his or her natural parents, noncompliance with subsection (4) is irrelevant if the probate judge makes a factual deter-

mination that the deceased was the natural father of the child. We cannot agree. A statute must be construed as a whole. *Grand Rapids v Crocker,* 219 Mich 178; 189 NW 221 (1922). An ancient maxim of statutory construction is that express mention in a statute of one thing implies the exclusion of other similar things *(expressio unius est exclusio alterius). Sebewaing Industries, Inc v Village of Sebewaing,* 337 Mich 530, 545; 60 NW2d 444 (1953). The express mention in subsection (4) of three circumstances under which a man is considered to be the natural father of a child born out of wedlock implicitly excludes all other circumstances.

It appears to us that the Legislature intended a statutory scheme under which a child born out of wedlock and after the death of his or her purported natural father could not be determined to be the heir of the purported natural father for purposes of intestate succession.

Reversed.